IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COR CLEARING, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | 8:15CV317 |
| v. | ) ) | |
| CALISSIO RESOURCES GROUP, INC., a Nevada corporation, ADAM CARTER, an individual, SIGNATURE STOCK TRANSFER, INC, A Texas corporation; and DOES 1-50, | ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the Court on Benjamin Riley's expedited motion for leave to file *amicus* brief (Filing No. 25). As of the date of this order, plaintiff COR Clearing, LLC has failed to timely file a response.[1]  After review of the motion, the supporting brief, and applicable law, the Court finds as follows.

**BACKGROUND**

On August 26, 2015, plaintiff COR Clearing, LLC ("plaintiff" or "COR Clearing") filed a suit against Calissio Resources Group, Inc. ("Calissio"), Adam Carter ("Carter"), Signature Stock Transfer, Inc. ("Signature Stock"), and Does 1-50

---

[1] The local rules provide: "A brief opposing any other motion must be filed and served within 14 days after the motion and supporting brief are filed and served."  NECivR 7.1(b)(1)(B).

(collectively "defendants") (Filing No. 1).  Plaintiff's complaint alleges three causes of action against defendants including:  (1) a request for declaratory judgment; (2) unjust enrichment; and (3) fraud.  *See id.* at 9-13.  Plaintiff alleges "[d]efendants' calculated scheme to defraud the marketplace and the clearing system in order to obtain millions of dollars from unsuspecting market participants by exploiting a weakness in the dividend payment system of the third-party Depositary Trust Clearing Corporation ("DTCC")."  (*Id.* at 1).

On September 24, 2015, "[p]ursuant to Nebraska Civil Rule 55.1 and Federal Rule of Civil Procedure 55(a) . . . [p]lantiff move[d] . . . the clerk of the Court [to] enter the default of [d]efendant Calissio . . . on the grounds and for the reasons that . . . [d]efendant . . . ha[d] failed to plead or otherwise defend against [p]laintiff's [c]omplaint."  (Filing No. 17 at 1).  On September 25, 2015, the clerk of the court entered default against Calissio (Filing No. 19).  The plaintiff then moved the Court for an expedited motion for an order appointing a limited purpose receiver (Filing No. 20).  Plaintiff's motion requested that

> [i]n the interest of providing full
> and fair notice and opportunity to
> be heard to all parties, namely
> Calissio shareholders, that may be
> affected by the appointment of the

> Receiver and the subsequent post-payable adjustments by DTTC, [plaintiff would provide] notice of the appointment of the Receiver and [any such party objecting to the motion would be] given a chance to be heard before th[e] Court [rules on the motion].

(Filing No. 21 at 12).

The Court issued an order on October 20, 2015, granting plaintiff's request to notify any parties potentially affected by the appointment of a receiver (Filing No. 28). The Court outlined the date for plaintiff to provide the notice, the requirements of the notice, and dates in which objections and responses should be filed. *See id.* The Court also noted the filing of several objections already received, including Benjamin Riley's ("Riley") expedited motion for leave to file amicus brief (Filing No. 25). *See* Filing No. 28 at 2 n.1. The Court will now address Riley's motion in accordance with the Court's October 20, 2015, order.[2]

**LAW**

"The extent, if any, to which an *amicus curaie* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Waste Mgmt. of Pa.,*

---

[2] The Court's October 20, 2015, order stated "[t]hese correspondences and motion . . . will be considered *and decided upon before* the Court rules on plaintiff's motion for order appointing limited purpose receiver." *Id.* (emphasis added).

*Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal citation omitted); *see also Untied States ex rel. Gudur v. Deloitte Consulting L.L.P.*, Civil Action No. H-00-1169, 2007 WL 836935, at *6 (S.D. Tex. March 15, 2007); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982); *Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993); *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *Pa. Envtl. Def. Found. v. Bellefonte Borough*, 718 F. Supp. 431, 434 (M.D. Pa. 1989); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief." *Gudur*, 2007 WL 836935, at *6.

Although district courts often look to Federal Rule of Appellate Procedure 29 for guidance, a "district court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate. Chief among those differences is that a district court resolves fact issues." *Sierra Club v. Federal Emergency Management Agency*, Civil Action No. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) (citing *Leigh*, 535 F. Supp. at 422). "An *amicus* who argues facts should rarely be welcomed." *Strasser*, 432 F.2d at 569.

Factors district courts consider in admitting or denying the presence of an *amicus curiae* include: (1) "whether the information offered through the *amicus* brief is 'timely and useful'"; and (2) "whether the [entity] seeking to file the *amicus* brief is an advocate for one of the parties." *See Sierra Club*, 2007 WL 3472851, at *2-*3 (internal citations omitted). District courts throughout the country are split as to "the extent to which district courts are wiling to permit the participation of an *amicus* who acts primarily as an advocate for one party." *See id.* (collecting cases and discussing various courts' holdings and rationales).

**DISCUSSION**

Riley's brief provides four main contentions against plaintiff's motion to appoint a receiver. *See* Filing No. 25 at 6-10. Riley argues against the appointment of a receiver "because there are facts and law not yet provided to this court which are necessary for the court to take into consideration." *Id.* at 6. Riley argues about the classification of and applicable rules and dates governing the dividends and payments made thereto. *See id.* By so doing Riley argues facts. Though the Court recognizes the timeliness and usefulness of the information contained in Riley's brief, the Court notes the advocation against the plaintiff and its motion. It seems Riley

seeks to argue facts and to advocate. The Court finds that such a role is inappropriate for an *amicus curiae* at the district court level. Therefore, after reviewing the law and carefully considering each of the factors, the Court will deny Riley's motion for leave to file an *amicus* brief. However, although Riley will not be designated as an *amicus curiae*, the information and arguments contained within Riley's motion and brief will be construed as an objection to plaintiff's motion and considered in the Court's resolution of plaintiff's motion to appoint a limited receiver.[3] Accordingly,

        IT IS ORDERED:

        1) Benjamin Riley's expedited motion fore leave to file *amicus* brief is denied.

---

[3] The Court again notes the filings received objecting to plaintiff's motion which will be utilized in the Court's determination of plaintiff's motion to appoint a limited receiver. The filings received by the Court as of the date of this order include those listed in the Court's October 20, 2015, order, as well as the filings of John Link (Filing No. 32), Oscar Whitley (Filing No. 33), Randy Rosbough (Filing No. 34), Peter Suh (Filing No. 35), and KCG Americas LLC (Filing No. 36).

2) Riley's motion and brief will be construed as an objection to plaintiff's motion and considered by the Court in its ruling on plaintiff's motion to appoint a limited receiver.

DATED this 29th day of October, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court