IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COR CLEARING, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | 8:15CV317 |
| v. | ) ) | |
| CALISSIO RESOURCES GROUP, INC., a Nevada corporation, ADAM CARTER, an individual, SIGNATURE STOCK TRANSFER, INC, A Texas corporation; and DOES 1-50, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the plaintiff, COR Clearing, LLC's expedited motion for the appointment of a limited purpose receiver (Filing No. 20). COR Clearing filed a brief in support of the motion. *See* Filing No. 21. In accordance with the Court's October 20, 2015, order (Filing No. 28), which would provide notification to and allow responses of interested third parties, additional filings from a number of individual shareholders and two corporations have been received by the Court. *See, e.g.*, Filing Nos. 32-36, 40-41, 43, 47-48, 53-56, 59-64, 66-73, 75-77 . COR Clearing filed a reply and supplemental reply. (Filing No. 51, Filing No. 74). On November 10, 2015, the Court heard oral arguments regarding the motion.

After review of the motion, the filings, oral arguments, and relevant law, the Court finds as follows.

**BACKGROUND**

On August 26, 2015, plaintiff COR Clearing, LLC ("plaintiff" or "COR Clearing") filed suit against Calissio Resources Group, Inc. ("Calissio"), Adam Carter ("Carter"), Signature Stock Transfer, Inc. ("Signature Stock"), and Does 1-50 (collectively "defendants") (Filing No. 1). Plaintiff's complaint alleges three causes of action against defendants including: (1) a request for declaratory judgment; (2) unjust enrichment; and (3) fraud. *See id.* at 9-13. Plaintiff's complaint alleges that defendants "calculated [a] scheme to defraud the marketplace and the clearing system in order to obtain millions of dollars from unsuspecting market participants by exploiting a weakness in the dividend payment system of the third-party Depositary Trust Clearing Corporation ("DTCC")." (*Id.* at 1).

On September 24, 2015, "[p]ursuant to Nebraska Civil Rule 55.1 and Federal Rule of Civil Procedure 55(a) . . . [p]lantiff move[d] . . . the clerk of the Court [to] enter the default of [d]efendant Calissio . . . on the grounds and for the reasons that . . . [d]efendant . . . ha[d] failed to plead or otherwise defend against [p]laintiff's [c]omplaint." (Filing No.

17 at 1). On September 25, 2015, the clerk of the court entered default against Calissio (Filing No. 19). The plaintiff then moved the Court for an expedited motion for an order appointing a limited purpose receiver (Filing No. 20).

COR Clearing contends a Court order appointing a limited purpose receiver is "necessary because Calissio and its affiliates have defrauded COR Clearing and its customers and have absconded with some ill-gotten funds." (Filing No. 21 at 1). The appointment of a receiver "is the only way to prevent Calissio from being unjustly enriched at others' expense." (*Id.*) Plaintiff requests the Court issue the order "on an **expedited** basis because . . . the order will be rendered ineffectual if the Receiver's instruction [for the Depository Trust & Clearing Corporation ("DTCC") to make post-payable adjustments] is not given within DTCC's 90-day period [for] which its policies provide." (*Id.*) (emphasis in original).[1] Plaintiff argues that the appointment of a receiver to instruct the DTTC to make a post-payable adjustment "is the *only* remedy available." (*Id.* at 14) (emphasis in original).

Those in opposition to the appointment of a receiver counter that the motion "seeks what amounts to a final judgment

---

[1] According to the complaint, the 90-day period within which the DTCC can make post-payable adjustments began running "on or about" August 20, 2015. COR Clearing estimates this period will expire on November 13, 2015.

-3-

reversing the $4 million charge DTCC made to [COR Clearing's] clearing account at the expense of thousands of innocent investors who purchased the stock [that COR Clearing's clients] dumped on the market." (Filing No. 41 at 2). In addition, parties opposing the motion argue a receiver "will undoubtedly not 'cause more good than harm,'" is "inequitable," and that "[t]he loss should not now be borne by the broker-dealers and other individual account holders who were not at fault." (*Id.* at 3-4).

COR Clearing's reply brief argues "regardless of whether or not these speculators were 'innocent,' they are not entitled to keep dividend payments that they never should have received in the first place." (Filing No. 51 at 2). "The appointment of a receiver will restore the marketplace to the *status quo ante* -- i.e., the state of affairs in place immediately before Calissio made a fraudulent and illegal dividend distribution." (*Id.*)

**LAW**

"The appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993) (internal citations omitted). "A receiver is an extreme remedy that is only justified in

extreme situations." *Aviation Supply Corp.*, 999 F.2d at 316. "As is true in an injunction, the appointment of a receiver is not a matter of positive right but rather lies in the discretion of the court . . . ." *Midwest Sav. Ass'n v. Riversbend Assocs. P'ship*, 724 F. Supp. 661, 662 (D. Minn. 1989). The burden is on the party seeking the appointment of the receiver to show sufficient grounds for the appointment. *See Midwest Sav. Ass'n*, 724 F. Supp. at 662.

Under Eighth Circuit precedent, courts typically look to six factors when considering the appointment of a receiver. *See Aviation Supply Corp.*, 999 F.2d at 316-17. These factors include: (1) a valid claim by the party seeking the appointment; (2) the probability that fraudulent conduct has occurred or will occur to frustrate that claim; (3) imminent danger that property will be concealed, lost, or diminished in value; (4) an inadequacy of legal remedies; (5) lack of less dramatic equitable remedies; and (6) the likelihood that appointing the receiver will do more good than harm. *See id.*

**DISCUSSION**

The Court concludes plaintiff's motion should be denied. The Court finds that COR Clearing has failed to sufficiently establish its extreme burden to satisfy the extreme remedy it seeks. Although one to two of the factors cited above

may weigh in favor of COR Clearing, LLC's motion, the Court finds that balancing all the factors cited above weighs against the appointment of a limited purpose receiver. The equitable principles of the case lead the Court to deny plaintiff's motion. Accordingly,

IT IS ORDERED that plaintiff COR Clearing, LLC's expedited motion for an order appointing a limited purpose receiver is denied. Objections (Filing No. 26; Filing No. 32) are denied as moot.

DATED this 10th day of November, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court