UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| COR CLEARING, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALISSIO RESOURCES, GROUP, INC., a Nevada Corporation; ADAM CARTER, an individual; SIGNATURE STOCK TRANSFER, INC., a Texas corporation; and Does 1-50;<br><br>    Defendants. | Case No. 8:15CV00317-LES-FG3 |

## PROTECTIVE ORDER

Pursuant to FED. R. CIV. P. 26(c), the Court enters the following Protective Order to govern the use of information, documents, and things obtained in the discovery in this case between the Parties to this action. Therefore,

**IT IS ORDERED, ADJUDGED and DECREED** as follows:

1. This Protective Order is applicable to COR Clearing, LLC; Calissio Resources Group, Inc.; Adam Carter; Signature Stock Transfer, Inc.; Does 1-50; any additional parties later joined in this action; and any third-parties required to respond to discovery in this matter (referred to herein collectively as "Parties" or, individually, as "Party"), for the sole purpose of facilitating discovery in the above-styled and numbered cause. It is expressly ordered that this Protective Order will not, in any manner, be disclosed to the jury in the above-styled and numbered cause. It is further ordered that this Protective Order will not be used, in any manner or form, directly or indirectly as evidence in any trial or any hearing before the jury, or referred to in any trial or any hearing before the jury on the merits of this case, except in a hearing which

involves issues related to discovery in this lawsuit or the enforcement of any provision of this Protective Order, or upon further order of this Court.

2.   All "Confidential" or "Highly Confidential" Material, as defined herein, produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and related arbitration/litigation proceedings involving one or more of the Parties, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

3.   **Designation of Information.**  A Party may designate any document, or any portion of a document produced; any data or thing produced; any deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this lawsuit; and any other information furnished or disclosed to any Party or its counsel during discovery or trial (referred to herein as "Material") as "Confidential" or "Highly Confidential" in the manner set forth in this Protective Order.  In designating Material as "Confidential" or "Highly Confidential," a Party will make such designation only as to that Material that it in good faith believes contains confidential information pursuant to Paragraphs 4 or 5 below.

4.   **"Confidential" Designation.**  A Party may designate as "Confidential" any Material that it reasonably and in good faith believes contains or reflects non-public, proprietary, or confidential information in that Party's possession, custody or control that it desires not to be made public.

5.   "**Highly Confidential" Designation.**  A Party may designate as "Highly Confidential" any Material as to any Receiving Party where the Producing Party reasonably and in good faith believes that the Receiving Party engaged in fraudulent activity which caused harm to the Party and that producing the Material to such Receiving Party could cause harm to the Producing Party.

6. **Document Production and Exhibits**. Material shall be designated as "Confidential" or "Highly Confidential" by including a legend of "Confidential" or "Highly Confidential" on each page thereof as to which the confidentiality designation is claimed. All copies of Material stamped "Confidential" or "Highly Confidential" shall also be designated "Confidential" or "Highly Confidential." With respect to any Material designated as "Confidential" or "Highly Confidential" that is not produced in hard-copy or paper form (such as diskettes, magnetic media, and other Material not produced in hard-copy or paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the designating Party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" or "Highly Confidential," and shall inform all counsel in writing of the "Confidential" or "Highly Confidential" designation of such Material at the time such Material is designated.

7. The term "copy" as used herein means any photographic, mechanical, electronic or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. This Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any Party client his evaluation in a general way of "Confidential" or "Highly Confidential" Material.

9. **Treatment of Material Designated as "Confidential" or "Highly Confidential."** "Confidential" or "Highly Confidential" Material and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

10. No Material designated as **"Confidential,"** and any information contained therein, shall be disclosed by any non-designating Party to any person without the prior

written consent of the Party designating it or an order of the Court, except that it may be disclosed to:

    (a)    Up to five (5) officers of the Receiving Party to this lawsuit, after such officers has signed a statement in the form attached hereto as Exhibit "A";

    (b)    The author or recipient of such information and/or document;

    (c)    Attorneys for any Party engaged in this lawsuit and the employees of such attorneys;

    (d)    Persons not employees of any Party to this lawsuit who are expressly retained to assist such Party's counsel in the preparation of this lawsuit for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to the counsel who retained such Outside Expert a statement in the form attached hereto as Exhibit "A";

    (e)    Independent litigation support services, including but not limited to document reproduction services, computer imaging services, and demonstrative exhibit services;

    (f)    The Court, other court officials (including court or deposition reporters and videographers) and the trier of fact;

    (g)    Any mediator agreed upon by the Parties and such mediator's employees and staff;

    (h)    Qualified court reporters, court interpreters, translators taking testimony in the above-captioned proceeding, and their necessary stenographic, video graphic and clerical personnel thereof; and

    (i)    Any other person as to whom the Parties first agree in writing.

No person allowed to view "Confidential" Material shall use any "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties and in related arbitration/mediation/litigation proceedings, and each person shall make best efforts necessary to protect the confidentiality of such Material.

11. No Material designated as **"Highly Confidential"** and any information contained therein, shall be given or shown to any person except the following qualified persons ("Qualified Person(s)"):

(a) Outside attorneys for any Party engaged in this lawsuit and the employees of such outside attorneys;

(b) In-house attorneys of the Receiving Party;

(c) Persons not employees of any Party to this lawsuit who are expressly retained to assist a Party's counsel in the preparation of this lawsuit for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to the counsel who retained such Outside Expert a statement in the form attached hereto as Exhibit "A";

(d) Independent litigation support services, including but not limited to document reproduction services, computer imaging services, and demonstrative exhibit services, after such independent litigation support service, including but not limited to document reproduction services, computer imaging services, or demonstrative exhibit services has signed and delivered to the counsel who retained such service a statement in the form attached hereto as Exhibit "A";

(e) The Court, other court officials (including court or deposition reporters and videographers) and the trier of fact;

(f) Any mediator agreed upon by the Parties and such mediator's employees and staff;

(g) Qualified court reporters, court interpreters, translators taking testimony in the above-captioned proceeding, and their necessary stenographic, video graphic and clerical personnel thereof;

(h) Any other person as to whom the Parties first agree in writing;

(i) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties;

(j) The author or recipient of such information and/or document.

12. **Restrictions on Use of "Confidential" or "Highly Confidential" Material.** Except as agreed by the designating Party or its counsel or as otherwise provided herein, Material designated as "Confidential" or "Highly Confidential":

    a.    shall be maintained in confidence by the outside counsel to which it is furnished;

    b.    may be disclosed by such outside counsel only to persons entitled to access thereto under Paragraphs 10 and 11 above;

    c.    may be used by such outside counsel, and the persons or Qualified Persons to whom it is disclosed pursuant to Paragraphs 10 and 11 above, only for the purposes of this litigation or related mediation or arbitration proceedings and for no other purpose; and

    d.    may be photocopied only as reasonably necessary for this litigation.

13. Nothing herein shall prevent disclosure beyond the terms of this Order if the Party designating the Material as "Confidential" or "Highly Confidential" consents in writing to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure.

14. Nothing in this Protective Order or the preceding Paragraphs shall prevent any Party from using Material designated "Confidential" or "Highly Confidential" in arbitration/litigation proceedings related to and arising out of the same facts as this Action, *provided that* a confidentiality agreement or protective order with terms substantially similar to the terms of this Protective Order has been entered in such proceedings, *and further provided that* any Material used or produced in such related proceedings pursuant to this paragraph must be designated with the same confidentiality designation in those proceedings as that with which the particular Material was designated in this Action.

15. At any time after the designation of Material pursuant to the terms of this Protective Order, any Party may challenge the designation of all or any portion thereof by providing written notice to all Parties. If the Parties are unable to agree as to whether the

designation of Material is appropriate, the Party challenging the designation may certify to the Court that the Parties cannot reach an agreement as to the "Confidential" or "Highly-Confidential" designation of the Material.  Thereafter, the Party making the designation and seeking its protection shall have ten (10) business days from the date of certification to file a motion for protective order with regard to any Material in dispute.  The Party seeking protection shall have the burden of establishing that the disputed Materials are entitled to the asserted designation.  Further, in determining whether a "Highly-Confidential" designation shall be upheld, the need of the Party seeking the Material to share such Material with persons not otherwise permitted to access "Highly-Confidential" Material pursuant to this Protective Order (in light of the nature of the material and its relevance to this Action) shall be weighed against the potential injury resulting from the broader disclosure of the Material that would be permitted by the lesser designation of "Confidential."  If the Party seeking protection does not timely file a motion for protective order, then the Materials in dispute shall no longer be subject to confidential treatment as provided in Paragraphs 9-12 of this Protective Order.

16.     **Third-Party Designation of Material as "Confidential" or "Highly Confidential."**  Any third-party may designate Material as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order only if: (1) the designating third-party is required to produce the Material to any Party in this lawsuit in response to a discovery request or subpoena; or (2) the designating third-party has a legal right and interest in information disclosed in Material produced by any Party in this lawsuit.  If a third-party desires to designate Material as "Confidential" or "Highly Confidential" pursuant to this paragraph, that third-party shall serve on all Parties to this lawsuit a letter identifying the specific documents to

be designated (identifying those documents either by Bates number or by document title) and setting forth the designation to be applied to each document so identified.

17. **Third-Party Material.** To the extent that Material is designated by third parties as "Confidential" pursuant to Paragraph 16 above, such documents shall be treated as "Confidential" in accordance with the terms of this Protective Order and any deposition testimony concerning the contents of such documents shall likewise be treated as "Confidential" in accordance with the terms of this Protective Order unless the Party producing the document designates it as "Highly Confidential," in which case the document, its contents, and any deposition testimony concerning the document or its contents shall be treated as "Highly Confidential" under this Protective Order.

18. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the "Confidential" or "Highly Confidential" Material for enforcement of the provisions of this Protective Order following termination of this litigation.

19. Any Party desiring to file with the Court in this matter, or to have entered into the Court's record of this matter, Material designated "Confidential" or "Highly Confidential" is

hereby granted leave to file such Material under seal pursuant to Local Civil Rule 7.5, subject to any limitations imposed on the filing of such Material by any other applicable state or federal law.

      **SO ORDERED this 13th day of January, 2016.**

                                    /s/ Lyle E. Strom
                                    _____
                                    LYLE E. STROM, Senior Judge
                                    United States District Court

# EXHIBIT A

## STATEMENT

1. I am familiar with and agree to be bound by the terms of the Protective Order in the litigation styled *COR Clearing, LLC v. Calissio Resources Group, Inc., Adam Carter, Signature Stock Transfer, Inc., and Does 1-50*, Case No. 8:15-cv-00317-LES-FG3, pending in the United States District Court for the District of Nebraska.

2. I will only make such copies of or notes concerning documents designated "Confidential" or "Highly Confidential" as are necessary to enable me to render the assistance required in connection with this litigation, and, all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation, pursuant to the terms of the Protective Order entered in this case.

3. I will not intentionally reveal the contents of "Confidential" or "Highly Confidential" Material to any unauthorized person.

4. I will not intentionally use "Confidential" or "Highly Confidential" Material for any purpose other than the prosecution or defense of claims in this action or the rendering of an opinion in this action.

DATED this ____ day of _____, 20__.

By:_____

Name: _____

(print name)