IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

COR CLEARING, LLC, a Delaware )
limited liability company, )
                       )
         Plaintiff, )           8:15CV317
                       )
      v. )
                       )
CALISSIO RESOURCES GROUP, )     MEMORANDUM AND ORDER
INC., a Nevada corporation, )
ADAM CARTER, an individual, )
SIGNATURE STOCK TRANSFER, )
INC, A Texas corporation; and )
DOES 1-50, )
                       )
         Defendants. )
_____)

This matter is before the Court on plaintiff, COR Clearing, LLC's ("COR Clearing" or "plaintiff"), motion to compel (Filing No. 94). COR Clearing's motion seeks "an order compelling TD Ameritrade ("TDAC") to produce documents and things responsive to COR Clearing's subpoena served on or about December 4, 2015." (*Id.*) The matter has been fully briefed by the parties. *See* Filing Nos. 95, 98, 103, and 111.[1] After review of the motion, the parties' briefs, and the applicable law the Court finds as follows.

**BACKGROUND**

---

[1] COR Clearing filed both a redacted and an unredacted brief in support of its motion to compel (Filing Nos. 95 and 98). TDAC filed an opposition to plaintiff's motion. Part of TDAC's Index of evidence in support of its opposition was restricted. *See* Filing Nos. 105, 106, and 107.

On August 26, 2015, plaintiff filed suit against Calissio Resources Group, Inc. ("Calissio"), Adam Carter, Signature Stock Transfer, Inc., and Does 1-50 (collectively "defendants") (Filing No. 1).  Plaintiff's complaint alleges three causes of action against defendants including:  (1) a request for declaratory judgment; (2) unjust enrichment; and (3) fraud.  *See id.* at 9-13.  Plaintiff claims that defendants "calculated [a] scheme to defraud the marketplace and the clearing system in order to obtain millions of dollars from unsuspecting market participants by exploiting a weakness in the dividend payment system of the third-party Depositary Trust Clearing Corporation ("DTCC")."  (*Id.* at 1).

On October 5, 2015, plaintiff asked the Court to appoint a receiver "for the limited purpose of instructing [t]he [DTCC] to make post-payable adjustments in accordance with its policies and procedures."  (Filing No. 20 at 1).  Numerous third parties, including TDAC, objected to the appointment of the receiver.  *See* Filing Nos. 32-36, 40-41, 43, 47-48, 53-56, 59-64, 66-73, 75-77.  The Court ordered a hearing on plaintiff's motion (Filing No. 65).  On November 10, 2015, after hearing arguments from the plaintiff and TDAC, the Court denied plaintiff's motion to appoint a receiver.  (Filing No. 80).

On or about December 4, 2015, plaintiff served a subpoena on TDAC.  *See* Filing No. 98 at 1.  COR Clearing alleges

-2-

TDAC is in possession of "highly relevant" documents and other materials pertinent to COR Clearing's underlying claims. *See id.* Specifically, plaintiff makes five requests including: "[d]ocuments sufficient to identify all individuals, businesses, and entities to which [TDAC] sold or transferred any share of Calissio stock between and including June 30, 2015 and August 19, 2015," (Filing No. 96-2 at 9); and "[a]ll documents consisting or relating to any communication between [TDAC] and any person, individual, introducing firm, broker, dealer, regulatory agency, or entity, including, without limitation, DTCC and FINRA," (*Id.* at 10). (*Id.* at 9-11).

**LAW**

Federal Rule of Civil Procedure 26(b)(1) allows

> [p]arties [to] obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The United States Supreme Court has held that discovery under Rule 26 should be "construed broadly to

encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).  However, this broad interpretation and liberal application of the rule does not provide unlimited discovery.  *Oppenheimer*, 437 U.S. at 351; *see also Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (stating "discovery, like all matters of procedure, has ultimate and necessary boundaries.").

Initially "[t]he party seeking discovery must satisfy some threshold showing of relevancy before discovery is required." *Lubrication Technologies, Inc. v. Lee's Oil Service, LLC*, Civil No. 11-2226 (DSD/LIB), 2012 WL 1633259, at *2 (D. Minn. April 10, 2012) (internal citation omitted).  However, "[o]nce that threshold has been met, the resisting party 'must show specifically how . . . each . . . [request for production] is not relevant or how the discovery is overly broad, burdensome, or oppressive.'" *Lubrication Technologies*, 2012 WL 1633259, at *2 (quoting *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000)) (alterations in original).

"Determinations of relevance in discovery rulings are left to the sound discretion of the trial court . . . ." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984) (internal citations

omitted).  District courts may limit "the scope of discovery after balancing a number of interests." *Slate v. ABC*, 802 F. Supp. 2d 22, 26 (D.D.C. 2011) (citing *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (additional citations and quotations omitted)).  One of the interests that may be included in the district court's balancing is a right to privacy.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984); *see also Hardie v. National Collegiate Athletic Ass'n*, No. 13cv346-GPC (DHB), 2013 WL 6121885, at *3 (S.D. Cal. Nov. 20, 2013) (providing "federal courts . . . recognize a right of privacy that can be raised in response to discovery requests.").  A number of courts have held that the "standards for nonparty discovery require a stronger showing of relevance than . . . party discovery." *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990) (citing *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986); *Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *Slater Steel, Inc. v. Vac-Air Alloys Corp.*, 107 F.R.D. 246, 248 (W.D.N.Y. 1985)).

**DISCUSSION**

After plaintiff served the December 4, 2015, subpoena, TDAC responded with a letter detailing TDAC's objections and stated that "TDAC will not be producing any documents in response to the [s]ubpoena." (Filing No. 96-3 at 3).  Following TDAC's

letter, both counsel for plaintiff and TDAC discussed the matter
further in an attempt to find a mutually agreeable solution
(Filing No. 98 at 6).  TDAC expressed a willingness to provide
"some limited production of information."  (*Id.*)  However,
plaintiff insisted on the production of "two critical sets of
information:  the identity of the at least 764 TDAC customers who
initiated purchases of Calissio shares during the relevant period
and who TDAC improperly credited with due bill payments relating
to Calissio stock and non-privileged communications regarding the
purchases and due bill payments."  (*Id.*)

       The Court finds that plaintiff's motion should be
granted.  The Court is satisfied that plaintiff sufficiently
established its threshold showing of relevancy with respect to
all requests in the December 4, 2015, subpoena.  The Court
further finds that TDAC, as the party resisting production, has
failed to "show specifically how . . . each . . . [request for
production] is not relevant or how the discovery is overly broad,
burdensome, or oppressive."  *Lubrication Technologies*, 2012 WL
1633259, at *2 (internal citations and quotations omitted).
Given the broad nature of Rule 26, the proportionality of
plaintiff's requests, and the interests to be balanced, the Court
finds plaintiff's requests to be relevant, even under the
stronger standard applicable for third-party subpoenas.  In
addition, the Court finds that plaintiff's requests are not
overly broad, burdensome, or oppressive.  To the extent

-6-

plaintiff's request does not seek privileged or information not available to TDAC, the motion is granted.  Accordingly,

IT IS ORDERED that plaintiff's motion to compel production of documents and things in response to the December 4, 2015, subpoena is granted.  TDAC shall comply with plaintiff's motion to compel on or before June 10, 2016.

DATED this 23rd day of May, 2016.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

−7−