IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
COR CLEARING, LLC, a Delaware    )
limited liability company,       )
                                 )
              Plaintiff,         )         8:15CV317
                                 )
        v.                       )
                                 )
CALISSIO RESOURCES GROUP,        )         MEMORANDUM AND ORDER
INC., a Nevada corporation,      )
ADAM CARTER, an individual,      )
SIGNATURE STOCK TRANSFER,        )
INC, A Texas corporation; and    )
DOES 1-50, TD AMERITRADE         )
CLEARING, INC., a Nebraska       )
corporation, NATIONAL            )
FINANCIAL SERVICES LLC, a        )
Delaware limited liability       )
company, SCOTTRADE, INC., an     )
Arizona corporation, and         )
E-TRADE CLEARING, LLC, a         )
Delaware limited liability       )
company,                         )
                                 )
              Defendants.        )
_____)
```

This matter is before the Court on a joint motion to dismiss filed by National Financial Services, LLC, TD Ameritrade Clearing, Inc. ("TDAC"), Scottrade, Inc., and E-Trade Clearing, LLC, (hereinafter collectively the "Clearing Firm Defendants") (Filing No. 137). The Clearing Firm Defendants have submitted a brief (Filing No. 138), an index of evidence (Filing No. 139) and a reply brief (Filing No. 151) in support of the motion. The plaintiff, COR Clearing, LLC, ("plaintiff" or "COR"), has filed a

brief in opposition to the joint motion to dismiss (Filing No. 149) as well as an index of evidence in support of its brief in opposition to the motion (Filing No. 150). After review of the motion, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

On August 26, 2015, COR Clearing filed its first complaint against Calissio Resources Group, Inc. ("Calissio"), Adam Carter ("Carter"), Signature Stock Transfer, Inc. ("Signature"), and Does 1-50 (Filing No. 1). Plaintiff's complaint alleged three causes of action including: (1) a request for declaratory judgment; (2) unjust enrichment; and (3) fraud. *See id.* at 9-13. The complaint alleged that defendants "calculated [a] scheme to defraud the marketplace and the clearing system in order to obtain millions of dollars from unsuspecting market participants by exploiting a weakness in the dividend payment system of the third-party Depositary Trust Clearing Corporation ("DTCC")." (*Id.* at 1).

On November 10, 2015, following a hearing, the Court denied COR's expedited motion (Filing No. 20) for the appointment of a limited purpose receiver (Filing No. 80). On December 8, 2015, the Court denied Signature's motion (Filing No. 29) to dismiss(Filing No. 85). On April 21, 2016, the Court granted

plaintiff's application (Filing No. 108) for default judgment against Calissio Resources Group, Inc. (Filing No. 109). On May 23, 2016, the Court granted plaintiff's motion (Filing No. 94) to compel TDAC "to produce documents and things responsive to [plaintiff's] subpoena served on or about December 4, 2015." (Filing No. 116).

On August 2, 2016, the Court granted plaintiff leave to file an amended complaint (Filing No. 122). The amended complaint (Filing No. 123) filed on August 2, 2016, adds the Clearing Firm Defendants as named defendants and alleges the lawsuit was filed "to recover proceeds of a fraudulent dividend scheme . . . that caused harm to COR Clearing and its customers in the amount of approximately $4 million." (*Id.* at 1). Plaintiff accuses the Clearing Firm Defendants and Signature of "[i]mproper [r]eceipt and [r]etention of the [f]raudulent [d]ividends." (*Id.* at 13). Plaintiff asserts a claim of unjust enrichment against the Clearing Firm Defendants and Signature and asks the Court to "impose a constructive trust . . . over the funds traceable to Calissio's fraud." (*Id.* at 19).

**LAW**

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires a court "to draw on its judicial experience and common sense."

-3-

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Federal Rule of Civil Procedure 8 requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal cite omitted).

When considering a motion to dismiss under Rule 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Braden*, 588 F.3d at 591, 595. In viewing the facts in the light most favorable to the plaintiff, a court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co., Inc. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978). Recitations of elements of a cause of action with mere conclusory

statements fail to meet Rule 8's pleading requirements. *Iqbal*, 556 U.S. at 678. However, plaintiffs may use legal conclusions to provide the framework of a complaint, so long as factual allegations support those legal conclusions. *Id.* at 678-79. Thus, a dismissal is likely "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill*, 580 F.2d at 306.

**DISCUSSION**

    **I. Materials to be Considered**

As an initial matter, the parties disagree about what the Court can, and ought to consider in deciding this joint motion to dismiss. *Compare* Filing No. 138 at 3, n.2 ("C[OR] was more explicit in its letters to the Clearing Firm Defendants, which were specifically referenced in the Amended Complaint . . . . Since the [p]laintiff specifically references the three letters discussed in the text in its [a]mended [c]omplaint . . . the Court can and should consider those in connection with this [m]otion.") *with* Filing No. 149 at 10 ("the Brokerage Defendants' reliance on COR Clearing's demand letter . . . is not appropriately considered on a motion to dismiss . . . .").

Federal Rule of Civil Procedure 12(d) provides:

> If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). However, the United States Court of Appeals for the Eighth Circuit has held that "Rule 12(b)(6) motions are not automatically converted into motions for summary judgments simply because one party submits additional matters in support of or [in] opposition to the motion." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (citing *Martin v. Sargent*, 780 F.2d 1334, 1336-37 (8th Cir. 1985)). Exceptions exist that allow some extra-pleading materials to be considered. *See, e.g.*, *Coeur D'Alene Tribe*, 164 F.3d at 1107 (determining that materials that are part of the public record or that do not contradict the complaint can be considered); *Piper Jaffray Cos., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997) (stating that materials that are "necessarily embraced by the pleadings" can be considered in 12(b)(6) motions).

The Eighth Circuit has directed that "'documents necessarily embraced by the complaint are not matters outside the

-6-

pleading[s]'" under the meaning of Rule 12(d). *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (internal marks and cites omitted)). Courts may "'consider . . . documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (quoting *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). Finally, district courts have "'*complete discretion* to determine whether or not to accept any material beyond the pleadings that is offered . . . .'" *Svoboda v. Tri-Con Industries, Ltd.*, No. 4:08CV3124, 2008 WL 4754647, at *2 (D. Neb. Oct. 27, 2008) (quoting *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003) (internal quotation omitted)) (emphasis added).

The Court finds that the letters sent by plaintiff to the Clearing Firm Defendants are necessarily embraced by the complaint. In paragraph 66 of plaintiff's first amended complaint, plaintiff alleges the Clearing Firm Defendants

> received actual and constructive notice from DTCC and COR Clearing that the due bills were erroneously assessed . . . . Further, on at least three occasions COR Clearing notified [the Clearing Firm Defendants] that the Calissio due

>> bills were fraudulent and that COR
>> Clearing had a superior claim to
>> the funds that DTCC credited [the
>> Clearing Firm Defendants] as
>> payment for the Calissio due bills.

(Filing No. 123 at 13).  Furthermore, in paragraphs 68-71 of the amended complaint, plaintiff specifically references the letters at issue.  *See id.* at 14.  The Court will therefore consider the letters in ruling on the joint motion to dismiss.[1]

### II. Motion to Dismiss Under Rule 12(b)(6)

The Clearing Firm Defendants move to dismiss plaintiff's sole claim against them of unjust enrichment under Federal Rule of Civil Procedure 12(b)(6) (Filing No. 137 at 2). The Clearing Firm Defendants argue "[i]t is axiomatic that unjust enrichment requires . . . that the defendant be *enriched* . . . [and that] the target of the [constructive] trust have title to the subject property.  The Clearing Firm Defendants have neither."  (Filing No. 138 at 2) (emphasis in original).  The Clearing Firm Defendants further contend that because the Calissio shareholders, and not the Clearing Firm Defendants, "were the beneficial and ultimate recipients of the dividends or

---

[1] The Court also notes that plaintiff's brief in opposition to the Clearing Firm Defendants' joint motion to dismiss references the aforementioned paragraphs within the complaint in seeking to establish the Clearing Firms Defendants' knowledge of COR's demand and claim of fraud (Filing No. 149 at 5, 8).

due bill payments," the Clearing Firm Defendants could not have been enriched (*Id.*). Finally, the Clearing Firm Defendants claim that the amended complaint "does not allege . . . the Clearing Firm Defendants ever acquired title to the funds, nor does it allege any benefit the Clearing Firm Defendants received in connection with the funds . . . ." (*Id.* at 9). At the heart of the Clearing Firm Defendants' motion is the amended complaint's failure to adequately plead the second element of an unjust enrichment claim. *See* Filing Nos. 138 at 6-9 and 151 at 1-10. By contrast, plaintiff states that "COR has set forth specific allegations in the [a]mended [c]omplaint that clearly and fully state a claim for relief against the [Clearing Firm] Defendants." (Filing No. 149 at 1).

Under Nebraska state law, "[t]o recover on a claim for unjust enrichment, a plaintiff must show that (1) the defendant received a benefit, (2) the defendant retained possession of the benefit, and (3) the defendant in justice and fairness ought to pay the plaintiff for the benefit." *ACI Worldwide Corp. v. MasterCard Technologies, LLC*, No 8:14CV31, 2014 WL 7409750, at *8 (D. Neb. Dec. 31, 2014) (citing *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 302 (Neb. 2006)). Considering plaintiff's well-pled allegations to be true, and in viewing those allegations in light most favorable to COR, a plain reading of the face of the

complaint allows the Court to reasonably infer that the Clearing Firm Defendants may be liable under a theory of unjust enrichment requiring a judicial imposition of a constructive trust. Thus the Court finds plaintiff's amended complaint satisfies Rule 8's plausibility standard. Therefore, the Clearing Firm Defendants' joint motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) will be denied.

### III. Motion for Leave to File Sur-Reply

On December 7, 2016, plaintiff sought leave to file a sur-reply to the Clearing Firm Defendants' reply brief (Filing No. 159). Plaintiff requests that it "be permitted to respond to . . . new arguments" regarding certain rules of the DTCC. (*Id.* at 1). The Court will deny the motion as moot due to its denial of the Clearing Firm Defendants' joint motion to dismiss. Accordingly,

IT IS ORDERED:

1) The Clearing Firm Defendants' joint motion to dismiss is denied.

      2) Plaintiff's motion for leave to file sur-reply is denied as moot.

      DATED this 9th day of December, 2016.

                          BY THE COURT:

                          /s/ Lyle E. Strom
                          _____
                          LYLE E. STROM, Senior Judge
                          United States District Court