IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COR CLEARING, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | 8:15CV317 |
| v. | ) ) | |
| CALISSIO RESOURCES GROUP, INC., a Nevada corporation, ADAM CARTER, an individual, SIGNATURE STOCK TRANSFER, INC, A Texas corporation; and DOES 1-50, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the defendant, Signature Stock Transfer, Inc.'s motion to compel production of documents (Filing No. 194). Along with its motion, Signature Stock Transfer, Inc. filed two exhibits (Filing No. 194-1 and Filing No. 194-2). Plaintiff, COR Clearing, LLC, filed a brief in opposition to the motion (Filing No. 212) as well as an index of evidence in support of its brief (Filing No. 213). No reply brief was filed and the time for doing so has passed. *See* NECivR 7.1(c) (providing that the "moving party may file a reply brief and index of evidence within 7 days after the opposing party files and serves the opposing brief."). After review of the motion, the exhibits, the brief and index of evidence in

opposition, and the relevant law, the Court finds that Signature
Stock Transfer, Inc.'s motion should be denied.

**BACKGROUND**

On August 26, 2015, COR Clearing filed its first
complaint against Calissio Resources Group, Inc. ("Calissio"),
Adam Carter ("Carter"), Signature Stock Transfer, Inc.
("Signature"), and Does 1-50 (Filing No. 1).  Plaintiff's
complaint alleged three causes of action including:  (1) a
request for declaratory judgment; (2) unjust enrichment; and (3)
fraud.  *See id.* at 9-13.  The complaint alleged that defendants
"calculated [a] scheme to defraud the marketplace and the
clearing system in order to obtain millions of dollars from
unsuspecting market participants by exploiting a weakness in the
dividend payment system of the third-party Depositary Trust
Clearing Corporation ("DTCC")."  (*Id.* at 1).

On November 10, 2015, following a hearing, the Court
denied COR's expedited motion (Filing No. 20) for the appointment
of a limited purpose receiver (Filing No. 80).  On December 8,
2015, the Court denied Signature's motion (Filing No. 29) to
dismiss (Filing No. 85).  On April 21, 2016, the Court granted
plaintiff's application (Filing No. 108) for default judgment
against Calissio Resources Group, Inc. (Filing No. 109).  On May
23, 2016, the Court granted plaintiff's motion (Filing No. 94) to

-2-

compel TDAC "to produce documents and things responsive to [plaintiff's] subpoena served on or about December 4, 2015." (Filing No. 116).

On August 2, 2016, the Court granted plaintiff leave to file an amended complaint (Filing No. 122). On December 9, 2016, the Court denied the Clearing Firm Defendants' joint motion (Filing No. 137) to dismiss the amended complaint (Filing No. 160). On January 25, 2017, COR sought and was granted leave to again amend its complaint (Filing No. 171 and Filing No. 174).[1] On January 30, 2017, COR filed its Second Amended Complaint (Filing No. 175). On February 10, 2017, National Financial Services, LLC filed its answer (Filing No. 181). On February 13, 2017, defendants TD Ameritrade Clearing, Inc. and Scottrade, Inc. filed their respective answers (Filing No. 183 and Filing No. 184). On February 15, 2017, E-Trade Clearing, LLC filed its answer (Filing No. 186).

On March 6, 2017, the Court issued its Third Amended Final Progression Order (Filing No. 193). On April 3, 2017, Signature brought the instant motion seeking to compel COR's production of 43 different requests for production made by Signature (Filing No. 194).

---

[1] COR's motion to amend was unopposed.

**LAW**

Federal Rule of Civil Procedure 26(b)(1) allows

> [p]arties [to] obtain discovery
> regarding any nonprivileged matter
> that is relevant to any party's
> claim or defense and proportional
> to the needs of the case,
> considering the importance of the
> issues at stake in the action, the
> amount in controversy, the parties'
> relative access to relevant
> information, the parties'
> resources, the importance of the
> discovery in resolving the issues,
> and whether the burden or expense
> of the proposed discovery outweighs
> its likely benefit.  Information
> within this scope of discovery need
> not be admissible in evidence to be
> discoverable.

Fed. R. Civ. P. 26(b)(1).  The United States Supreme Court has held that discovery under Rule 26 should be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).  However, this broad interpretation and liberal application of the rule does not provide unlimited discovery.  *Oppenheimer*, 437 U.S. at 351; *see also Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (stating "discovery, like all matters of procedure, has ultimate and necessary boundaries.").

Initially "[t]he party seeking discovery must satisfy some threshold showing of relevancy before discovery is required." *Lubrication Technologies, Inc. v. Lee's Oil Service, LLC*, Civil No. 11-2226 (DSD/LIB), 2012 WL 1633259, at *2 (D. Minn. April 10, 2012) (internal citation omitted). However, "[o]nce that threshold has been met, the resisting party 'must show specifically how . . . each . . . [request for production] is not relevant or how [the discovery] is overly broad, burdensome, or oppressive.'" *Lubrication Technologies*, 2012 WL 1633259, at *2 (quoting *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000)) (alterations in original).

**DISCUSSION**

The Court finds that Signature, as the party seeking the discovery, has failed to sufficiently satisfy its initial burden. The Court notes that since Signature's filing of the motion, COR has produced a number of the documents requested in Signature's motion (Filing No. 212 at 1, 5). The Court further notes Signature's failure to provide the Court with any substantive briefing beyond the two-page conclusory analysis contained within the motion itself. It is especially telling that after COR filed its brief in opposition to Signature's motion and informed the Court of COR's supplementing its

-5-

production to provide additional documents, Signature failed to file a reply brief to further address the issues it raised in its motion.  Therefore, Signature's motion to compel production of documents will be denied.  Accordingly,

IT IS ORDERED that defendant, Signature Stock Transfer Inc.'s motion to compel production of documents is denied.

DATED this 2nd day of June, 2017.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court