IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COR CLEARING, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | 8:15CV317 |
| v. | ) ) | |
| CALISSIO RESOURCES GROUP, INC., a Nevada corporation, ADAM CARTER, an individual, SIGNATURE STOCK TRANSFER, INC, A Texas corporation; and DOES 1-50, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the motion of the plaintiff, COR Clearing, LLC, to compel discovery responses (Filing No. 199). The matter has been fully briefed. *See* Filing Nos. 200, 201, 215, 216, and 223. After review of the motion, the parties' briefs and accompanying indexes of evidence, and the relevant law, the Court finds as follows.

**BACKGROUND**

On August 26, 2015, COR Clearing LLC ("COR" or "plaintiff") filed its first complaint against Calissio Resources Group, Inc. ("Calissio"), Adam Carter ("Carter"), Signature Stock Transfer, Inc. ("Signature"), and Does 1-50 (Filing No. 1). Plaintiff's complaint alleged three causes of action including: (1) a request for declaratory judgment; (2) unjust enrichment;

and (3) fraud. *See id.* at 9-13. The complaint alleged that defendants "calculated [a] scheme to defraud the marketplace and the clearing system in order to obtain millions of dollars from unsuspecting market participants by exploiting a weakness in the dividend payment system of the third-party Depositary [sic] Trust Clearing Corporation ("DTCC")." (*Id.* at 1).

On November 10, 2015, following a hearing, the Court denied COR's expedited motion (Filing No. 20) for the appointment of a limited purpose receiver (Filing No. 80). On December 8, 2015, the Court denied Signature's motion (Filing No. 29) to dismiss (Filing No. 85). On April 21, 2016, the Court granted plaintiff's application (Filing No. 108) for default judgment against Calissio Resources Group, Inc. (Filing No. 109). On May 23, 2016, the Court granted plaintiff's motion (Filing No. 94) to compel TD Ameritrade Clearing, Inc. ("TDAC") "to produce documents and things responsive to [plaintiff's] subpoena served on or about December 4, 2015." (Filing No. 116).

On August 2, 2016, the Court granted plaintiff leave to file an amended complaint (Filing No. 122). The amended complaint (Filing No. 123) added four brokerage defendants, namely, National Financial Services, LLC ("NFS"), TDAC, E-Trade Clearing, LLC ("E-Trade"), and Scottrade, Inc. ("Scottrade") (collectively the "Clearing Firm Defendants"). On December 9,

-2-

2016, the Court denied the Clearing Firm Defendants' joint motion (Filing No. 137) to dismiss the amended complaint (Filing No. 160). On January 25, 2017, COR sought and was granted leave to again amend its complaint (Filing Nos. 171 and 174).[1] On January 30, 2017, COR filed its Second Amended Complaint (Filing No. 175). On February 10, 2017, NFS filed its answer (Filing No. 181). On February 13, 2017, defendants TDAC and Scottrade filed their respective answers (Filing Nos. 183 and 184). On February 15, 2017, E-Trade filed its answer (Filing No. 186).

On March 6, 2017, the Court issued its Third Amended Final Progression Order (Filing No. 193). On April 3, 2017, Signature brought a motion to compel COR's production of 43 different requests for production (Filing No. 194). On June 2, 2017, the Court denied Signature's motion to compel (Filing No. 228). On April 14, 2017, COR brought the instant motion seeking to compel certain discovery responses (Filing No. 199).

**LAW**

Federal Rule of Civil Procedure 26(b)(1) allows

> [p]arties [to] obtain discovery
> regarding any nonprivileged matter
> that is relevant to any party's
> claim or defense and proportional
> to the needs of the case,
> considering the importance of the
> issues at stake in the action, the

---

[1] COR's motion to amend was unopposed.

> amount in controversy, the parties'
> relative access to relevant
> information, the parties'
> resources, the importance of the
> discovery in resolving the issues,
> and whether the burden or expense
> of the proposed discovery outweighs
> its likely benefit. Information
> within this scope of discovery need
> not be admissible in evidence to be
> discoverable.

Fed. R. Civ. P. 26(b)(1). The United States Supreme Court has held that discovery under Rule 26 should be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). However, this broad interpretation and liberal application of the rule does not provide unlimited discovery. *Oppenheimer*, 437 U.S. at 351; *see also Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (stating "discovery, like all matters of procedure, has ultimate and necessary boundaries.").

Initially "[t]he party seeking discovery must satisfy some threshold showing of relevancy before discovery is required." *Lubrication Technologies, Inc. v. Lee's Oil Service, LLC*, Civil No. 11-2226 (DSD/LIB), 2012 WL 1633259, at *2 (D. Minn. April 10, 2012) (internal citation omitted). However, "[o]nce that threshold has been met, the resisting party 'must

show specifically how . . . each . . . [request for production] is not relevant or how [the discovery] is overly broad, burdensome, or oppressive.'" *Lubrication Technologies*, 2012 WL 1633259, at *2 (quoting *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000)) (alterations in original).

"Determinations of relevance in discovery rulings are left to the sound discretion of the trial court . . . ." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984) (internal citations omitted). District courts may limit "the scope of discovery after balancing a number of interests." *Slate v. American Broadcasting Companies, Inc.*, 802 F. Supp. 2d 22, 26 (D.D.C. 2011) (citing *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (additional citations and quotations omitted)).

**DISCUSSION**

COR seeks an order compelling the Clearing Firm Defendants "to designate a 30(b)(6) witness to testify as to certain topics and to produce documents . . . ." (Filing No. 199 at 1). Specifically, COR seeks to compel Rule 30(b)(6) deposition testimony on deposition topics 2, 18, 41, and 42 (Filing No. 200). In addition, COR seeks to compel the production of documents to Requests for Production ("RFP") 10-11

(First Set), 2, 9 (as to NFS and E-Trade only), 25, and 26 (Second Set), and 15 and 18 (First Set) (*Id.*). The Court will discuss each in turn.

**A. Deposition Topic No. 2 and RFP Nos. 10-11 (First Set) and RFP No. 2 (Second Set)**

The deposition topic COR seeks in Topic No. 2 asks for:

> [t]he manner in which [the Clearing Firm Defendants] are compensated for the services [they] provide to [their] customers, including, but not limited to, per trade revenues, account maintenance-related revenues, revenues relating to float, revenues relating to margin loans and any other such revenue or fee. By way of example, this [t]opic would include the average revenue per customer for the above-listed categories. For purposes of this [t]opic, the relevant time period is June 1, 2015 through the present.

(Filing No. 200 at 3).

Along with Topic No. 2, COR seeks RFP Nos. 10-11 (First Set) and RFP No. 2 (Second Set) (*Id.* at 3-5). RFP No. 10 asks for "[d]ocuments and [c]ommunications sufficient to show [the Clearing Firm Defendants'] policies and guidelines regarding float revenue." (*Id.* at 4). RFP No. 11 asks for "[d]ocuments and [c]ommunications sufficient to show any money received by [the Clearing Firm Defendants] from any customer whose account

-6-

was credited with any money related to any Calissio Dividend or any money received by [the Clearing Firm Defendants] as a result of services you provided to any such customer." (*Id.*). RFP No. 2 (Second Set) seeks "[a]ll [d]ocuments relating to the manner in which [the Clearing Firm Defendants] are compensated for the services [they] provide customers, including, but not limited to, per trade revenues, account maintenance-related revenues, revenues relating to float, revenues relating to margin loans, and any other such revenue or fee." (*Id.*).

COR contends that each of the foregoing discovery requests is relevant to COR's claims and the Clearing Firm Defendants' defenses (*Id.*). Specifically, COR argues that these discovery requests seek to discover ways the Clearing Firm Defendants

> may have been enriched via their receipt of the funds and decision to transfer those funds to customers who had no entitlement thereto, including the compensation the [Clearing Firm Defendants] received for the services they provided to such customers, float revenue . . . received on the principal sums . . . and any use of due bill payments to satisfy customers' debts . . . .

(*Id.* at 5).

The Clearing Firm Defendants object to these requests as being overly broad, unduly burdensome, and irrelevant to the

-7-

claims and defenses of the case (Filing No. 215 at 4).  They claim COR's requests seek "a vast amount of proprietary information about the Clearing Firm Defendants' businesses *in general*."  (*Id.* at 5) (footnotes omitted) (emphasis in original).  In addition, the Clearing Firm Defendants contend that RFP No. 11 "seeks . . . personal financial information of thousands of customers . . . notwithstanding that the Clearing Firm Defendants have already produced customer account information relating to the Calissio dividend."  (*Id.*).

The Court finds that plaintiff has sufficiently established its threshold showing of relevancy as required under Rule 26(b)(1).  The Court further finds that the Clearing Firm Defendants have failed to sufficiently show why the foregoing discovery sought by COR is overly broad, unduly burdensome and/or irrelevant.  The Court will, therefore, grant COR's motion to compel with respect to deposition Topic No. 2, RFP Nos. 10-11 (First Set), and RFP No. 2 (Second Set).

**B. Deposition Topic No. 18 and RFP No. 9 (Second Set) -NFS and E-Trade only**

The deposition topic COR seeks in Topic No. 18 asks for information regarding the "handling of any fraudulent or allegedly fraudulent dividends" from January 1, 2014, to the present (Filing No. 200 at 5).  In connection with Topic No. 18,

-8-

COR seeks RFP No. 9 (Second Set) (*Id.*). This RFP seeks "[a]ll [d]ocuments regarding [NFS's and E-Trade's] previous handling of any fraudulent or allegedly fraudulent dividends or due bills." (*Id.*).

COR argues these discovery requests are "not only relevant to the reasonableness of the actions the [Clearing Firm] Defendants took with respect to Calissio's fraudulent due bill scheme, but may also reflect on the [Clearing Firm] Defendants' ability to take action so as to prevent the consummation of fraud . . . ." (*Id.* at 6). In addition, COR's brief in support of its motion to compel provides that an agreement with TDAC and Scottrade was reached with respect to this discovery dispute "by narrowing this request to any fraudulent or allegedly fraudulent dividends that had been brought to the attention of TDAC's or Scottrade's in-house legal departments." (*Id.*).

NFS and E-Trade object to these discovery requests as unduly burdensome and irrelevant to the claims and defenses in this litigation (Filing No. 215 at 7). NFS and E-Trade also claim that RFP No. 9 (Second Set) is "vague, overly broad and outside the time period relevant to this action and would require . . . a search involving numerous custodians . . . [and with respect to the documents sought,] would be enormously expensive and time-consuming." (*Id.* at 7-8) (internal citations omitted).

NFS and E-Trade further argue that COR has failed to explain how the reasonableness of NFS's and E-Trade's actions "bears upon its claims for unjust enrichment and conversion" or how "prior 'handling of fraudulent or allegedly fraudulent due bills' could even be[] analogized to the facts of this case." (*Id.* at 8) (citing Filing No. 200 at 4).

The Court finds that COR has sufficiently satisfied its initial relevancy burden. However, the Court also finds that NFS and E-Trade have shown that the scope of COR's requests with respect to Topic No. 18 and RFP 9 (Second Set) as requested, should be narrowed. Therefore, in accordance with its discretion provided by Rule 26(b)(1), the Court will narrow this request in the same way that was done by COR, TDAC, and Scottrade. Deposition Topic No. 18 and RFP 9 (Second Set) will only apply to any fraudulent or allegedly fraudulent dividends that have been brought to the attention of NFS's and E-Trade's in-house legal departments during the time period from January 1, 2014, to the present. The Court will thus grant COR's motion to compel with this narrowing modification.

**C. Deposition Topic No. 41 and RFP No. 25 (Second Set)**

Deposition Topic No. 41 seeks "[t]he costs associated with creating, building, or maintaining, customer goodwill, including costs associated with marketing, costs to acquire customer (including per/customer acquisition costs), and other such information" from June 1, 2015, to the present (*Id.* at 6). RFP No. 25 (Second Set) seeks "[a]ll [d]ocuments relating to" deposition Topic No. 41 (*Id.*). The Court finds that even if COR has satisfied its initial relevancy burden under Rule 26(b)(1), this discovery request should be denied. The Clearing Firm Defendants have satisfied their burden and shown these discovery requests to be too vague and too broad. Therefore, the Court will deny COR's motion with respect to deposition Topic No. 41 and RFP No. 25 (Second Set).

**D. Deposition Topic No. 42 and RFP No. 26 (Second Set)**

Similar to deposition Topic No. 41, Topic No. 42 seeks to determine

> [t]he impact on [the Clearing Firm Defendants'] customer acquisition, retention, and maintenance costs, or the impact on the efficacy of [the Clearing Firm Defendants'] customer acquisition, retention, maintenance efforts from: (i) collection of debts of . . . customers . . . (ii) the payment of unearned windfall funds to . . . customers; (iii) the success of

>                     . . . customers in earning positive
>                     returns on capital; (iv) negative
>                     publicity; (v) customer complaints
>                     . . . . [From] June 1, 2015 to the
>                     present.

(*Id.* at 8). RFP No. 26 (Second Set) seeks "[a]ll [d]ocuments" relating to deposition Topic No. 42 (*Id.*).

Like the discovery requests discussed above in section C, the Court finds that even if COR has satisfied its initial relevancy burden under Rule 26(b)(1), this request should be denied. The Clearing Firm Defendants have satisfied their burden and shown these discovery requests to be too vague and too broad. Therefore, the Court will deny COR's motion with respect to deposition Topic No. 42 and RFP No. 26 (Second Set).

**E. RFP Nos. 15 and 18 (First Set)**

RFP No. 15 (First Set) seeks

> [a]ll [d]ocuments and
> [c]ommunications sufficient to show
> instances in which [the Clearing
> Firm Defendants] have reversed due
> bill credits . . . from 2011-
> present, including, but not limited
> to, documents sufficient to show
> the reasons for the reversal, the
> authority on which [the Clearing
> Firm Defendants] relied on to make
> such a reversal, and the outcome of
> the reversal.

(*Id.* at 9). RFP No. 18 (First Set) seeks "[a]ny and all [c]ommunications with the DTCC regarding any reversal of a

-12-

payment or transaction from 2011-present, including but not limited to, the Calissio Dividend." (*Id.*).

COR contends these RFP are "relevant to establishing that the [Clearing Firm Defendants] had the authority and ability to reverse the due bill credits and that they have taken such corrective actions in the past." (*Id.*). However, the Clearing Firm Defendants oppose these RFP as being overly broad, unduly burdensome, and irrelevant (Filing No. 215 at 12). The Clearing Firm Defendants specifically argue that because COR "has not alleged and cannot allege *any* process, regulatory or judicial, directing the Clearing Firm Defendants to take corrective actions," these requests seek information about responses to "the normal course to a court order or regulatory directive *that never occurred here*." (*Id.* at 13) (emphasis in original) (internal marks and cite omitted).

Plaintiff has sufficiently established its threshold showing of relevancy as required under Rule 26(b)(1). The Clearing Firm Defendants have failed to sufficiently show why the foregoing discovery sought by COR is overly broad, unduly burdensome and/or irrelevant. The Court will, therefore, grant COR's motion to compel with respect to RFP Nos. 15 and 18 (First Set). Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to compel is granted in part and denied in part.

2) Plaintiff's motion to compel is granted as to deposition Topic No. 2 and RFP Nos. 10-11 (First Set) and RFP No. 2 (Second Set).

3) Plaintiff's motion to compel is granted but modified as to deposition Topic No. 18 and RFP No. 9 (Second Set) as to NFS and E-Trade in accordance with this memorandum opinion.

4) Plaintiff's motion to compel is denied as to deposition Topic No. 41 and RFP No. 25 (Second Set).

5) Plaintiff's motion to compel is denied as to deposition Topic No. 42 and RFP No. 26 (Second Set).

6) Plaintiff's motion to compel is granted as to RFP Nos. 15 and 18 (First Set).

DATED this 9th day of June, 2017.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court